ELEANOR BROWN YOUNG, Plaintiff, *v.* GRENEKER STUDIOS, INC., Defendant.

Supreme Court, Special Term, New York County, March 25, 1941.

*Olvany, Eisner & Donnelly* [*James F. Donnelly* and *Walter F. Sloan* of counsel], for the plaintiff.

*Solinger & Solinger* [*David Fisher* of counsel], for the defendant.

PECORA, J. This is a motion to dismiss the complaint as insufficient in law. The pleading purports to state a cause of action under section 51 of the Civil Rights Law for injunctive relief and damages. Plaintiff alleges that she is a professional model of junior misses' clothes, employed in that capacity by a department store; that at the direction of her employer she posed at the studios of defendant solely for the purpose of enabling defendant to make a manikin for the exclusive use of said employer. She charges that, without her consent, the defendant has manufactured and sold to numerous persons other than her employer, " manikins made in the individual form and features and likeness of plaintiff " for the purposes of trade. It is further alleged that the defendant threatens to continue to sell such manikins, notwithstanding plaintiff's demand that it cease to do so.

Section 51 (*supra*) authorizes an action of this nature by " any person whose name, portrait or picture is used within this State for advertising purposes or for the purposes of trade without the

written consent first obtained " of such person. In support of the motion to dismiss defendant urges that the manikin is not a " portrait or picture " within the meaning of the statute. This contention appears to be wholly devoid of merit. As Judge CHASE, writing for the Court of Appeals in *Binns* v. *Vitagraph Co.* (210 N. Y. 51), pointed out (at p. 57): " A picture within the meaning of the statute is not necessarily a photograph of the living person, but includes any representation of such person." The same observation is equally applicable to the word " portrait." The statute is not confined to the use of photographs. The words " picture " and " portrait " are broad enough to include any representation, whether by photograph, painting or sculpture. The use of a three-dimensional representation is just as violative of the statute as that of a two-dimensional one. The interference with the right of privacy, which the Legislature sought to protect by the enactment of sections 50 and 51 of the Civil Rights Law, is no less in one case than in the other. The definition of the word " portrait " in Webster's New International Dictionary (2d ed.) (Unabridged) includes the following: " A carved or molded figure; a statue; a sculpture; * * * a visible representation or likeness; an image; a copy; * * *." Among the definitions of " portrait " given in Funk & Wagnall's New Standard Dictionary is the following: " A likeness of an individual produced by art, as in oils, water-color, crayon, engraving, photography or sculpture."

In view of these definitions, and the lack of any reasonable basis for the differentiation which defendant seeks to make between invasions of the right of privacy through photographs, paintings, etc., on the one hand, and works of sculpture on the other, the contention that section 51 of the Civil Rights Law is not available to the plaintiff must be overruled.

The further contention that the complaint should be dismissed because plaintiff's employer has the sole right to the manikins and their reproduction, is obviously without merit. The plaintiff possesses a statutory right to enjoin the use of her likeness without her written consent for advertising or trade purposes. The mere fact that she may have given her consent to her employer solely to use the manikin for such purposes, does not deprive her of the power to invoke that right against any other person who uses the same without her written consent.

The motion to dismiss the complaint is denied, with ten dollars costs, with leave to answer within ten days after service of a copy of the order herein.